O

# United States District Court
# Central District of California

| | |
|---|---|
| ROBINDEEP SINGH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, et al., <br><br> Defendants. | Case № 2:21-cv-07142-ODW (PVCx) <br><br> **ORDER GRANTING MOTION TO DISMISS [20]** |

## I.   INTRODUCTION

Plaintiffs Robindeep Singh and Urmila Singh filed this action against Defendants U.S. Department of State (the "DOS"); Antony J. Blinken, in his official capacity as U.S. Secretary of State; Atul Keshap, in his official capacity as U.S. Ambassador to India; and U.S. Citizenship and Immigration Services (the "USCIS"). (First Am. Compl. ("FAC"), ECF No. 16.)  Defendants now move to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6).  (Mot. Dismiss ("Mot." or "Motion"), ECF No. 20.)  The Motion is fully briefed.  (Opp'n, ECF No. 23; Reply, ECF No. 26.)  For the reasons set forth below, the Court **GRANTS** Defendants' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Robindeep[2] is an adult nonresident alien who was born in India and currently resides in Australia. (FAC ¶ 10.) On April 3, 2015, Partap Singh, Robindeep's father, married Urmila, a United States citizen who resides in California. (*Id.* ¶ 11.) On May 6, 2015, Urmila filed a Petition for Alien Relative ("I-130") on behalf of Partap, which "acts as a request for immigration authorities to formally recognize the validity of a marriage." (*Id.* ¶ 18.); *Zerezghi v. U.S. Citizenship & Immigr. Servs.*, 955 F.3d 802, 804 (9th Cir. 2020) (citing 8 C.F.R. § 204.1(a)(1)). On October 14, 2015, the USCIS approved the I-130. (FAC ¶ 18.)

In June 2016, Urmila filed an I-130 on behalf of Robindeep, identifying him as her stepson. (*Id* ¶ 20.) On January 24, 2018, the National Visa Center forwarded a visa application to the U.S. Embassy in New Delhi, India ("Embassy"). (*Id.* ¶ 23.) Plaintiffs allege that for nearly five years, Urmila did not receive any notice of adjustment of Robindeep's status, despite her repeated follow-up calls to the National Visa Center. (*Id.* ¶¶ 22–30.) On March 15, 2021, Urmila retained new counsel and learned that Robindeep's visa application had been cancelled as of February 8, 2021. (*Id.* ¶¶ 30–32.) The Consular Electronic Application Center ("CEAC") website stated the following:

> You have been notified that your registration for an immigrant visa was cancelled, and any petition approved on your behalf was also cancelled. We informed you that your application might be reinstated if, within one year, you could establish that your failure to pursue your immigrant visa application was due to circumstances beyond your control. Since you have failed to do so, the record of your registration and any petition approved on your behalf and all supporting documents have been destroyed.

(*Id.* ¶ 31.) On April 27, 2021, Urmila contacted the National Visa Center, the DOS, and the Embassy to explain that she did not receive any notice that anyone cancelled

---

[2] The Court respectfully refers to each Plaintiff and non-party Partap Singh by their first names to avoid confusion.

the visa application.  (*Id.* ¶ 33.)  After numerous communications with the National Visa Center, on August 30, 2021, Urmila reviewed the CEAC website and found that it now indicated that Robindeep's visa application was "refused" rather than "cancelled." (*Id.* ¶ 36.)  The website stated:

> A U.S. consular officer has adjudicated and refused your visa application. Please follow any instructions provided by the consular officer.  If you were informed by the consular officer that your case was refused for administrative processing, your case will remain refused while undergoing such processing.  You will receive another adjudication once such processing is complete.  Please be advised that the processing time varies and that you will be contacted if additional information is needed.

(*Id.*)  Urmila again contacted the DOS and the Embassy to explain that she did not receive any notice that the visa application was now refused.  (*Id.* ¶ 38.)  On November 30, 2021, the Embassy notified Urmila that the visa application was still under administrative review.  (*Id.* ¶ 39.)  However, two weeks later, the Embassy notified Plaintiffs that the visa application was refused pursuant to 8 U.S.C. § 1201(g). (*Id.* ¶ 40.)

On September 3, 2021, Plaintiffs brought this action as a petition for writ of mandamus against the DOS, Blinken, and Keshap, alleging a due process violation for failure to provide a factual predicate for the visa refusal and seeking a writ of mandamus due to the failure to decide the visa application in a reasonable time.  (Pet. ¶¶ 33–43, ECF No. 1.)  On February 11, 2022, Plaintiffs filed a First Amended Complaint adding the USCIS as a defendant.  (FAC ¶ 15.)  Plaintiffs also added a new cause of action alleging that Defendants are estopped from using the determination that Partap and Urmila's marriage is illegitimate as grounds for revoking the visa application.  (*Id.* ¶¶ 52–57.)  Defendants now move to dismiss Plaintiffs' claims. (*See* Mot.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)" by including a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see* Fed. R. Civ. P. 8(a)(2). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (The "[f]actual allegations must be enough to raise a right to relief above the speculative level."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). When a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## IV. DISCUSSION

In moving for dismissal, Defendants rely on the doctrine of consular nonreviewability, arguing that the Court is barred from reviewing a consular official's decision to grant or deny a visa.[3] (Mot. 2–4.)

"[O]rdinarily, a consular official's decision to deny a visa to a foreigner is not subject to judicial review" under the doctrine of consular nonreviewability. *Bustamante v. Mukasey*, 531 F.3d 1059, 1060 (9th Cir. 2008); *see also Ventura-Escamilla v. INS*, 647 F.2d 28, 30 (9th Cir. 1981) ("[T]he power to exclude or expel aliens, as a matter affecting international relations and national security, is vested in the Executive and Legislative branches of government."). However, the Supreme Court has recognized "a circumscribed judicial inquiry" for instances where consular decisions involve a violation of constitutional rights of a United States citizen.[4] *Trump v. Hawaii*, 138 S. Ct. 2392, 2402 (2018); *see also Allen*, 896 F.3d at 1097 ("[T]he only standard by which we can review the merits of a consular officer's denial of a visa is for constitutional error.").

In *Kerry v. Din*, 576 U.S. 86 (2015), Justice Kennedy found it unnecessary to reach the constitutional question of whether the petitioner "ha[d] a protected liberty interest in the visa application of her alien spouse" because "even assuming she has such an interest, the Government satisfied due process" in denying the visa. *Id.* at 102 (Kennedy, J., concurring in the judgment). The Ninth Circuit has adopted Justice Kennedy's concurrence in *Din* as the controlling opinion, compelling courts to first

---

[3] The Court rejects Defendants' argument under Rule 12(b)(1) that the Court lacks subject matter jurisdiction. Citing to *Patel v. Reno*, 134 F.3d 929 (9th Cir. 1998), Defendants argue that the Court lacks subject matter jurisdiction under the doctrine of consular nonreviewability. (Mot. 4.) However, the *Patel* court did not address subject matter jurisdiction, and the Ninth Circuit held more recently in *Allen v. Milas*, 896 F.3d 1094 (9th Cir. 2018), that the doctrine of consular nonreviewability does not strip a district court of subject matter jurisdiction.

[4] As a "foreign national[] seeking admission," Robindeep has "no constitutional right to entry." *Trump*, 138 S. Ct. at 2419. Therefore, Robindeep "personally has no ability to bring a cause of action challenging his denial of admission." *Khachatryan v. Blinken*, 4 F.4th 841, 849–50 (9th Cir. 2021).

address whether there is a sufficient allegation of a violation of due process, before addressing whether there existed a protected constitutional interest in the first place. *Khachatryan*, 4 F.4th at 851–52. Thus, the Court first assumes that Urmila has a protected constitutional interest in having her stepson reside with her and addresses whether she has sufficiently alleged a violation of due process under the *Din* concurrence. *See id.* at 850.

### A. The *Din* Test

The Ninth Circuit has interpreted Justice Kennedy's concurrence in *Din* as requiring a two-part inquiry to determine whether the consular officer's denial of a visa petition complied with the principles of due process. *Cardenas v. United States*, 826 F.3d 1164, 1172 (9th Cir. 2016). "First, the consular officer must deny the visa under a valid statute of inadmissibility." *Id.* (citing *Din*, 576 U.S. at 104–05). "Second, the consular officer must cite an admissibility statute that 'specifies discrete factual predicates the consular officer must find to exist before denying a visa,' or there must be a fact in the record that 'provides at least a facial connection to' the statutory ground of inadmissibility." *Id.* (quoting *Din*, 576 U.S. at 106). Once the government has met its burden and established these two elements, "the plaintiff has the burden of proving that the [stated] reason [for inadmissibility] was not bona fide by making an 'affirmative showing of bad faith on the part of the consular officer who denied [] a visa.'" *Id.* (quoting *Din*, 576 U.S. at 106).

As a preliminary matter, the Court will not consider the Notice of Intent to Revoke that Defendants attached to a declaration on an unrelated motion. (Decl. Mark Ifill ISO Opp'n Pls. Mot. Summ J. ("Ifill Decl.") Ex. 1 ("Notice of Intent to Revoke" or "NIR"), ECF No. 24-4.) A court ruling on a motion to dismiss may consider only those facts alleged in the complaint, documents attached to the complaint, documents relied upon by the complaint when authenticity is not contested,

and matters of which the court takes judicial notice. *Lee*, 250 F.3d at 688–89. The NIR falls into none of these categories.[5]

Thus, looking only to the operative complaint and arguments in the Motion, Defendants have not met their burden under *Din*. Defendants cited to a valid statute of inadmissibility, 8 U.S.C. § 1201(g), which compels a consular officer to deny a visa if "the consular officer knows or has reason to believe that [an] alien is ineligible to receive a visa . . . under section 1182 of this title, or any other provision of law." (Mot. 4.) Thus, Defendants satisfied the first element of the *Din* test.

However, Defendants fail to satisfy the second element of the *Din* test because the statute Defendants cite, § 1201(g), does not "specif[y] discrete factual predicates the consular officer must find to exist before denying a visa. *Din*, 576 U.S. at 105. Instead, the statute provides consular officers broad authority, allowing them to reject visa applications so long as they have a reason to believe an alien is ineligible to receive a visa. 8 U.S.C. § 1201(g). Thus, Defendants had to produce "fact[s] in the record that provide[] at least a facial connection to the statutory ground of inadmissibility." *Cardenas*, 826 F.3d at 1172 (internal quotation marks omitted). In their Motion, Defendants do not even attempt to argue they provided these facts, instead asserting that citation to § 1201(g) is enough to satisfy their burden under *Din*. (Mot. 4.) Nevertheless, in their Reply, Defendants belatedly argue that the facts provided in the NIR satisfy their *Din* burden. (Reply 6.) The Court rejects this attempted ambush by reply. "[A]rguments raised for the first time in a reply brief are improper, and the court need not consider them," principally because "such arguments 'would unfairly deny the non-moving party an opportunity to respond.'" *Derum v. Saks & Co.*, 95 F. Supp. 3d 1221, 1229 (S.D. Cal. 2015) (first citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007), then quoting *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1176 (S.D. Cal. 2012). Also, as previously noted, the Court

---

[5] Although the Court will not officially consider the NIR at this juncture, the NIR does appear to resolve Plaintiffs' alleged issues regarding Defendants' failures to provide Plaintiffs with the factual basis for the visa rejection, notice, and opportunity to be heard. (*See* NIR.)

will not consider matters beyond the complaint that are not subject to judicial notice. *See Lee*, 250 F.3d at 688–89. Thus, at this juncture, Defendants have failed to meet their burden under the *Din* test, and the Court need not consider the third *Din* prong because the burden never shifts to the Plaintiffs.

**B.     Constitutional Interest**

Even though Urmila has sufficiently alleged a due process violation, the Court finds that Urmila "lacks any relevant fundamental right" in having her stepson admitted into the United States. *Khachatryan*, 4 F.4th at 855.

In *Khachatryan*, the Ninth Circuit found that although the plaintiff had sufficiently alleged a violation of due process, the adult plaintiff "lack[ed] any relevant fundamental right in having his father admitted into the United States." *Id.* The court distinguished a marital relationship from a parent-child relationship, writing that while a "marital relationship is 'unlike any other in its importance to the committed individuals,' and its unique legal status rests on 'related rights of childrearing, procreation, and education' . . . [t]he relationship between a parent and an adult child lacks these distinctive features." *Id.* (quoting *Obergefell v. Hodges*, 576 U.S. 644, 666–67 (2015)). Thus, the court followed the general rule laid out in *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997), "that new fundamental rights should be narrowly defined and rooted in historical practice." *Khachatryan*, 4 F.4th at 856. After conducting an extensive analysis of "this Nation's history and tradition" the court found that "an adult citizen lacks a constitutionally protected liberty interest . . . in the Government's decision whether to admit the citizen's unadmitted nonresident alien parent." *Id.* at 862.

"[T]he relationship between an adult child and parent is not comparable to marriage and is not exempt from *Glucksberg's* general rule that fundamental liberty interests must be carefully and narrowly defined." *Id.* at 858. Although the *Khachatryan* holding relates only to that of an adult child's liberty interest in their noncitizen parent's admittance into the United States, this reasoning logically extends

to the question of whether a parent has a liberty interest in their noncitizen adult stepson's admittance. The reasoning in *Khachatryan* is sound both ways: neither the parent nor the adult child has a fundamental liberty interest in having the other admitted. The authority cited in *Khachatryan* supports this parallel. For example, the court in *Khachatryan* cites to William Blackstone when holding that "[the] right not to be *expelled* from one's country, of course, does not include a right to have one's adult relatives immigrate to one's country." *Id.* at 859 (emphasis in original) (citing 1 William Blackstone, Commentaries *137).

Plaintiffs also rely heavily on the Ninth Circuit's decision in *Bustamante*. (Opp'n 7–8.) However, *Bustamante* is easily distinguishable. The Ninth Circuit has held that *Bustamante* recognizes only "that a citizen has a protected liberty interest in marriage that entitles the citizen to review of the denial of the spouse's visa." *Din v. Kerry*, 718 F.38 856, 860 (9th Cir. 2015), *vacated on other grounds*, 576 U.S. 86 (2015). The *Khachatryan* court goes further, holding that *Bustamante* does not "consider[], much less decide[], whether there is a relevant cognizable liberty interest in the visa application of any family member other than a *spouse*." *Khachatryan*, 4 F.4th at 857 (emphasis in original). Therefore, under Ninth Circuit precedent, Urmila does not have a cognizable liberty interest in having her adult stepson admitted into the United States. Accordingly, the Court **DISMISSES** Plaintiffs' FAC for failure to state a claim.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss, (ECF No. 20), and **DISMISSES** Plaintiffs' first amended complaint **without leave to amend**, *see Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (noting leave to amend "is properly denied . . . if amendment would be futile"). The Court will issue a judgment consistent with this Order.

**IT IS SO ORDERED.**

August 15, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**